UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI D. SCHULER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-805 NAB |
| | ) |
| KILOLO KIJAKAZI[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Terri D. Schuler's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 5.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Schuler's application.

**I.    Background**

On September 9, 2019, Schuler applied for DIB, alleging that she was unable to work due to disability since October 28, 2017. (Tr. 29, 269-275.) Schuler alleged disability due to a herniated nucleus pulposus–bilateral, cervical myelopathy/neuromuscular disorder, acute cervical

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

myeloradiculopathy, chronic right C-6 radiculopathy–right upper extremity, myelomalacia, bilateral foraminal stenosis, joint hypertrophy into the neural foramina, facet arthropathy, joint osteoarthrosis, hemicanal stenosis, indentation of the left ventral aspect of spinal cord, facet osteoarthrosis, corpectomy, laminectomy, and disc bulge. (Tr. 309-310.) Her application was initially denied, and Schuler filed a Request for Reconsideration, which was also denied. (Tr. 172-77.) Then, Schuler filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 179.) On December 16, 2020, the ALJ held a hearing on Schuler's claim. (Tr. 82-122.) Schuler was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on January 27, 2021, the ALJ found Schuler was not disabled as defined in the Act from the alleged onset date through the date of the decision. (Tr. 49-50.) On January 27, 2021, Schuler filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 258-60.) On March 8, 2021, while the claim was pending before the Appeals Council, Schuler submitted additional evidence. (Tr. 3, 13-25.) On May 3, 2021, the Appeals Council denied Schuler's request for review, and adopted the ALJ's decision in full. (Tr. 1-3.)

**II.     Standard for Determining Disability Under the Act**

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in

which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III.    The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that Schuler met the insured status requirements of the Social Security Act through December 31, 2023, and that she had not engaged in substantial gainful activity since October 28, 2017, the alleged onset date. (Tr. 31.) Next, the ALJ found that Schuler has the following severe impairments: degenerative disc disease

3

in the cervical spine and obesity. The ALJ found that Schuler's heart palpitations, thyroid dysfunction, and thumb pain and foot pain were not severe medical impairments. (Tr. 31-32.)

The ALJ determined that Schuler did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Schuler had the residual functional capacity to perform light work with additional limitations. Specifically, the ALJ found that Schuler can perform light work except

> Avoid climbing ladders, ropes and scaffolds; no work at unprotected dangerous heights or around unprotected dangerous machinery; avoid crawling; limited to frequent kneeling and crouching; avoid concentrated exposure to extreme cold, and extreme noise; avoid jobs that expose a person to whole body vibration; avoid concentrated exposure to bright lights; limited to only occasional use of bilateral upper extremities overhead; frequent reaching in all other directions; and, frequent handling and fingering.

(Tr. 32.) The ALJ found that Schuler was unable to perform any past relevant work. (Tr. 48.) Schuler was 47 years old on the alleged disability onset date and considered a younger individual age 18-49, and she has at least a high school education. The ALJ determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (Tr. 48.) Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that Schuler can perform, including office helper (Dictionary of Occupational Titles (DOT) No. 239.567-010, light exertion level, unskilled, 41,000 jobs in the national economy), information clerk (DOT No. 237.367-018, light exertion level, unskilled, 80,000 jobs in the national economy), and mail clerk (DOT No. 209.687-026, light exertion level, unskilled, 30,000 jobs in the national economy). (Tr. 49.) Therefore, the

4

ALJ concluded that Schuler was not disabled, as defined in the Act, from October 28, 2017 through January 27, 2021. (Tr. 49.)

## IV.     Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two

5

inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.     Discussion

Schuler challenges the ALJ's decision, asserting that the ALJ erred in 1) failing to find certain impairments severe and 2) the evaluation of medical opinion evidence. First, Schuler argues that her cervical myelopathy, cervical radiculopathy, peripheral polyneuropathy, and lumbar radiculopathy are separate, severe impairments that the ALJ was under a duty to consider in his decision. Schuler characterizes the ALJ's alleged failure to find these are severe impairments as a failure to properly evaluate the RFC requiring remand. (Doc. 8 at 3.) In response, Defendant argues that Schuler's argument is really a dispute regarding the ALJ's finding at Step Two regarding severe medical impairments, a finding which does not warrant remand because the ALJ explicitly "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Tr. 32.) Second, Schuler argues that the ALJ's evaluation of the medical source statements from treating physicians Dr. Doll, Dr. Volarich, and Dr. Matthews was inadequate. (Doc. 8 at 6.) In response, Defendant contends that the ALJ properly evaluated the evidence, including the medical source statements, in a manner consistent with the SSA's regulations and policies, included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because

6

substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in Defendant's brief, the Court finds Schuler's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI. Conclusion**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **GRANTED** in part and **DENIED** in part. (Docs. 1, 8.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

7

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2022.